UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CARL E. DAUSCH, JR.,

Plaintiff,

-vs- Case No. 5:15-cv-298-Oc-10PRL

FLORIDA DEPARTMENT OF LAW ENFORCEMENT; ROBYN RAGSDALE; F.D.L.E. Forensic Technician; CURT SCHUERMAN, F.D.L.E. Technical Reviewer; MELISSA SUDDETH, F.D.L.E. Administrator; SUMTER COUNTY PROSECUTORS OFFICE; PETER F. MAGRINO; Assistant State Attorney,

Defendants.
______________________________________/

**ORDER**

Plaintiff, proceeding *pro se*, initiated this case by filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Since Plaintiff is proceeding *in forma pauperis* (Doc. 4), the Court may *sua sponte* dismiss the case at any time if it determines that such action is (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989), *abrogated on other grounds by* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although the complaint need not set forth detailed factual allegations, a plaintiff is required to provide more than mere "labels and conclusions" and the factual

allegations "must be enough to raise a right to relief above the speculative level." Id. at 555. Indeed, the factual allegations must be sufficient "to state a claim to relief that is plausible on its face." Id. at 570. Mere conclusory statements in support of a threadbare recital of the elements of a cause of action will not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).

**Sufficiency of Complaint**[1]

**1. Claim 1-Falsified Reports and Testimony**

Plaintiff alleges that FDLE employee Robyn Ragsdale violated his constitutional rights when she falsified DNA test reports and provided false testimony during trial. FDLE employee Ragsdale, as a witness, is entitled to absolute immunity from damages related to her testimony. It is well-established that when a witness provides testimony in a judicial proceeding, they have immunity from monetary damages for providing that testimony. Briscoe v. LaHue, 460 U.S. 325, 334 (1983); Rehberg v. Paulk, 132 S. Ct. 1497 (2012) (immunity for witnesses in grand jury proceedings); Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999) (The penalty for false testimony under such circumstances is the same for any witness, that is, a potential prosecution for perjury.").

---

[1]Plaintiff names "Sumter County Prosecutors Office" in the title of his Complaint. The Complaint is devoid of allegations against this Defendant and thus, this Defendant is due to be dismissed.

Written submissions, provided as evidence for judicial proceedings, also fail to state a basis to pursue a civil rights complaint against Defendant Ragsdale. See Grady v. Baker, 2010 WL 1544164 (N.D. Fla. Mar. 31, 2010) (adopted at Grady v. Baker, 2010 WL 1544162 (N.D.Fla. April 17, 2010)); affirmed by Grady v. Baker, 404 Fed. Appx. 450 (11th Cir. 2010)). In Grady, the District Court rejected a plaintiff's claim that a psychiatrist's submission of an allegedly false report in connection with a state court criminal proceedings stated a claim for a violation under § 1983. Grady, 2010 WL 1544164, at *1. The District Court found that the written submission of evidence in connection with judicial proceedings did not provide a basis for § 1983 liability because witnesses have "immunity from monetary damages for providing that testimony." Id. The Eleventh Circuit affirmed, reiterating that the "remedy for false testimony in a judicial proceeding 'is criminal prosecution for perjury and not expanded civil liability and damages.'" Grady, 404 Fed. Appx. at 454 (quoting Rehburg v. Paulk, 611 F.3d at 840 (11th Cir. 2010)); see also Aisenberg v. Hillsborough County Sheriff's Office, 325 F. Supp. 2d 1366, 1383 (M.D. Fla. 2004) (applying absolute immunity in damages claim against defendant arising out of "either testimony or a written submission to the court"). Here, Defendant Ragsdale has absolute immunity from suit for her actions related to the judicial proceedings. Accordingly, the claim against Defendant Ragsdale is due to be dismissed with prejudice.

**2. Claim 2-Conspiracy**

In his second claim, Plaintiff contends that Defendants Ragsdale, Schuerman, Suddeth and Prosecutor Magrino's conspiracy resulted in falsified DNA test reports and misleading trial testimony causing him to be wrongfully convicted and sentenced to death. Plaintiff has attempted to bring the Defendants within the realm of 42 U.S.C. § 1983 by alleging that they conspired to wrongfully convict him, however, Plaintiff has provided nothing more than a "general conclusory allegation of conspiracy" which will not support such a claim. Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir.1985) (noting that "an attorney may be sued under section 1983 if he conspired with someone who did act under color of state law"). Accordingly, Plaintiff's claim is due to be dismissed.

In addition, Plaintiff alleges that Defendant Magrino knew that he would "present perjured testimony" during trial. He contends that Defendant Magrino knew that Defendant Ragsdale had falsified the DNA reports. Plaintiff further alleges that Defendant Magrino improperly called the trial expert's testimony worthless and mis-characterized other trial testimony during his closing argument. In general, "a prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." Jones, 174 F.3d at 1281. Such absolute immunity "extends to a prosecutor's acts undertaken in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Id. (quotation marks omitted); accord Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1279-80 (11th Cir. 2002) (prosecutor who proffered perjured testimony and fabricated exhibits at trial is entitled to absolute immunity). Accordingly, to the extent that Plaintiff's Complaint can be construed to allege a claim against Defendant Magrino

for his action taken in his role as an advocate for the State, this claim is also due to be dismissed with prejudice.

The Complaint (Doc. 1) is **DISMISSED with prejudice**. The Clerk is directed to enter judgment accordingly, to terminate any pending motions and to close the file.

**IT IS SO ORDERED.**

**DONE and ORDERED** at Ocala, Florida, this 25th day of August 2015.

UNITED STATES DISTRICT JUDGE

Copy to: Carl Dausch, Jr., *pro se*